of the company, "used and executed at an annual meeting of the stockholders," being the books and papers the return of which is sought to be compelled by this proceeding. The moving papers also show that the appellant has refused to account for the moneys received, and refused to return the books and papers; that the value of the professional services rendered by him does not exceed $500, and that the respondent has not paid, out of the $11,000 received, to exceed $1,000.

The appellant does not deny that he was employed by the respondent professionally, or that he has in his possession certain papers and documents belonging to it; but he does deny that he has any moneys belonging to the respondent for which he has not accounted, and he claims a lien upon the books and papers in his possession for legal services. The appellant insists that his rights cannot be adjudged summarily, and that the court is without authority to refer the matter, including an accounting, to a referee to hear and determine.

As already observed, there is no doubt but that the court has authority, on the application of a client, to determine summarily the amount of an attorney's lien, and to direct the delivery of the client's papers upon the payment thereof. We are of opinion, however, that the provision of the order authorizing the referee to hear and determine is unwarranted. Whether the lien of an attorney be a statutory lien, or one depending upon the common law, the power to determine it summarily rests with the court; and while the court may refer the matter to a referee to take evidence, or even an account, and report the same with his opinion to assist the court in deciding the questions arising, it cannot delegate the entire matter to the referee for final determination, as was done by the order from which the appeal was taken. We do not think that the client should be required to give an undertaking to pay the expenses of the reference.

The order should therefore be modified by substituting for the words "to hear and determine" the following "to take evidence, and report the same to the court with his opinion thereof," and, as thus modified, affirmed, without costs. All concur.

---

## CALDWELL v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. DISCOVERY—BOOKS AND PAPERS—DEPOSIT WITH CLERK.

Where, in an action by an insurance agent for an accounting, he prayed an inspection and discovery of defendant's books and papers, an order granting such inspection was erroneous, in so far as it provided that in case of defendant's default in granting plaintiff leave to inspect such books and to make a copy of the entries therein in defendant's office, that defendant deposit the books, papers, and records in the clerk's office of the city of New York, there to remain until the inspection and copy could be made.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 132.]

2. SAME—APPLICATION—DELAY.

Where, in an action for an accounting, defendant delayed making an application for inspection of defendant's books and papers and for discovery until long after the case was at issue, such relief should be denied

on defendant's filing a stipulation that it would produce on the trial for plaintiff's inspection any of the books, records, and papers which the trial court directed it to produce.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 107, 108.]

Appeal from Special Term, New York County.

Action by Dimont M. Caldwell against the Mutual Reserve Life Insurance Company. From an order granting an inspection and discovery of plaintiff's books and papers, plaintiff appeals. Reversed on condition.

Plaintiff sued defendant for commissions on a written contract of employment by which defendant agreed to pay plaintiff 100 per cent. of all admission fees received from life insurance business secured by his personal solicitation, and 25 per cent. on the annual dues of the same so long as they shall be paid; also upon the agents secured or appointed by plaintiff. It was agreed that a commission should be paid to them on business done, and the difference between such agent's contracts and the 125 per cent. specified should be credited to plaintiff and paid to him monthly on demand, or to his heirs or assigns. The contract required plaintiff to devote all his time for five years to defendant's business, and in case of his death his commission should be paid on all business done so long as the same should be in force, and also upon the business of his agents so long as they should remain in the employ of the association. Plaintiff devoted all his time to defendant's business, secured about 60 agents, and became entitled to the commission specified. In 1894 defendant refused to pay further commissions to plaintiff, and five actions were brought to recover the same, in which plaintiff applied for and was granted permission to take copies of the records described in his petition, and books containing a report of all business done in the United States from June 22, 1881, to December 14, 1905, on policies procured by plaintiff and his agents, in accordance with the lists set out in plaintiff's complaint, and of all other books, records. and papers which would show the amount of policies, admission fees paid thereon, annual dues received, etc., and that for the purpose of obtaining such inspection plaintiff and his attorney and accountants should be granted access to defendant's office, and that in default thereof defendant deposit all the books, papers, and records mentioned in the petition in the office of the clerk of the county of New York, there to remain open to plaintiff's examination and inspection until such inspection and copy was made.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

George Burnham, Jr., for appellant.

Rastus S. Ransom, for respondent.

PER CURIAM. The order for inspection in any event is too broad, and that part of it directing deposit of books, papers, and records in the clerk's office of the county of New York should be stricken out. In view, however, of the long delay on the part of the plaintiff in asking for inspection of defendant's books, and the character of the action, and the similarity of the contract involved to that construed by this court in Caldwell v. Mutual Reserve Fund Life Association, 53 App. Div. 245, 65 N. Y. Supp. 826, we think this appeal should be disposed of by providing that, in case the defendant shall, within 10 days after entry of order hereon, file with the county clerk and deliver to plaintiff's attorney a stipulation that it will on the trial of any of the actions herein produce in court for inspection of plaintiff and his counsel any of the books, records, and papers mentioned in the order

appealed from which the trial court may direct to be produced, then the order shall be in all respects reversed, without, costs. In case the defendant shall refuse to file and deliver such stipulation, then the order appealed from, after striking therefrom that part requiring a deposit of books, as so modified, is affirmed, with costs.